**NOT FOR PUBLICATION**                                      **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                                  :
JEHAD M. HAWASH,                                  :
                                                  :
                          Petitioner,             :        Civil Action No. 07-033 (JAP)
            v.                                    :
                                                  :
ALBERTO R. GONZALES, et al.,                      :
                                                  :        **OPINION**
                          Respondents.            :
_____:

APPEARANCES:

Regis Fernandez
18 Green Street, 3d Floor
Newark, NJ 07102
        *Attorney for Petitioner*

Christopher J. Christie
United States Attorney
Alex Kriegsman
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
        *Attorneys for Respondents*

PISANO, District Judge.

On January 3, 2007, Petitioner Jehad M. Hawash filed a Petition for a Hearing on his

Naturalization Application, against Alberto R. Gonzales, the United States Attorney General,

Michael Chertoff, the Secretary for the Department of Homeland Security, the United States

Citizenship and Immigration Services ("USCIS"), Emilio T. Gonzalez, USCIS Director, Russ

Owen, USCIS New Jersey District Director, Robert S. Mueller, III, Federal Bureau of

Investigations ("FBI") Director, and Michael V. Hayden, Central Intelligence Agency ("CIA")

Director (collectively, "Respondents").

Petitioner seeks an adjudication of his naturalization application by the Court, pursuant to

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b).  In the alternative, Petitioner

alleges that Respondents violated his procedural and substantive due process rights under the

Fifth Amendment of the United States Constitution, as well as the Administrative Procedures

Act, 5 U.S.C. § 706.  Under those allegations, Petitioner seeks a writ of mandamus, pursuant to

28 U.S.C. § 1361, and a declaratory judgment, pursuant to 28 U.S.C. § 2201.

Currently before the Court is Respondents' motion to dismiss the petition for lack of

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to

remand the matter to USCIS.  The Court decides this matter without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons stated below, the Court denies Respondents'

motion to dismiss, but grants the motion to remand to USCIS.

## I.    BACKGROUND

On January 3, 2007, Petitioner brought this action for Respondents' failure to adjudicate

his N-400 application within 120 days following his naturalization interview, which took place

on April 11, 2005.  Petitioner is a lawful permanent resident of the United States.  On or about

July 31, 2004, Petitioner submitted Form N-400, Application for Naturalization, to USCIS.

USCIS conducted an interview of Petitioner on April 11, 2005, which consisted of one part of a

three-step background check administered on every applicant for naturalization.  In addition to an

interview, USCIS runs a finger print and name check through the FBI.  Presently, USCIS has not

received any results of Petitioner's name check from the FBI.  Since his interview, Petitioner has

made several attempts to obtain a final adjudication on his application.

Petitioner asserts in his petition that this Court has jurisdiction pursuant to the INA, 8 U.S.C. § 1447(b), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (seeking mandamus), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201,[1] and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Respondents currently move to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1). In Respondents' view, this Court lacks jurisdiction under 8 U.S.C. § 1447(b)—which grants jurisdiction only after the expiration of 120 days following "the date on which the examination is conducted"—because "examination" includes the completion of the three-step background check: the interview, the fingerprinting, and the name check. 8 U.S.C. § 1447(b). According to Respondents, the petition is not ripe for review because USCIS has not completed the third step, Petitioner's name check. Petitioner responds that "examination" within the meaning of 8 U.S.C. § 1447(b) only includes the naturalization interview and that the Code of Federal Regulations required USCIS to complete Petitioner's background check, including the name check, before conducting his interview. 8 C.F.R. § 335.2.

## II.     DISCUSSION

### A.     Standard of Review under Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Further, Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

---

[1] As its name suggests, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, grants federal courts the authority to render declaratory relief. It does not, however, create or grant jurisdiction. Thus, Plaintiff's invocation of the Act is insufficient to demonstrate the existence of federal subject matter jurisdiction over this case.

of the subject matter."  Unlike the standard that applies to a motion to dismiss premised on Rule 12(b)(6), the burden of persuasion rests with the plaintiff "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1)."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotations omitted).  Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.    Analysis**

This case is indistinguishable from *Daami v. Gonzales*, 2006 WL 1457862 (D.N.J. May 22, 2006), in which a court in this jurisdiction denied a similar motion to dismiss but granted a motion to remand with specific instructions to timely adjudicate the N-400 application.  This Court relies upon the reasoning and analysis set forth in *Daami* in reaching the same conclusion here.[2]  Specifically, this Court finds that, considering as context the relevant statutes and regulations—8 U.S.C. § 1446, 8 C.F.R. § 310.5, and 8 C.F.R. § 335.2—the word "examination" in 8 U.S.C. § 1447(b) refers to the date of the examination interview conducted by a USCIS officer, and not the entire "examination process."  The Court also notes that 8 C.F.R. § 335.2(b) states that USCIS "will notify applicants for naturalization to appear before a [USCIS] officer for initial examination on the naturalization application <u>only after</u> [USCIS] has received a definitive

---

[2]  Although this Court previously reached a different result in *El Kassemi v. Dep't of Homeland Sec.*, No. 06-cv-1010 (D.N.J. Oct. 13, 2006), the facts of that case are distinguishable from the present action in terms of the specific claims alleged, and because USCIS received a full background check on El Kassemi from the FBI while that action was pending.  In addition, this Court recognizes the current modern trend taken by the majority of jurisdictions on this issue. *See Daami*, *supra*, at *5.

response from the [FBI] that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b) (emphasis supplied).  Nonetheless, the Court notes that "the lack of a completed background check normally would prevent a court from being in a position to properly adjudicate an application[.]"  *Elaloul v. Hansen*, 2007 WL 1299274, *2 (N.D. Ohio May 1, 2007).  There is nothing in the record that renders this Court able to adjudicate Petitioner's application in the absence of a complete background check.  As a result, the Court finds that the proper course of action is to remand Petitioner's matter to USCIS for a prompt adjudication of Petitioner's application upon receipt of the complete background check from the FBI.  8 U.S.C. § 1447(b).

## III.    CONCLUSION

For the reasons expressed above, the Court denies Respondents' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), but grants Respondents' Motion to Remand to USCIS.  An appropriate order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 1, 2007

-5-